E. S. DARWIN *v.* E. RIPPEY.

The addition of the words "in specie," after the word "dollars" in a sealed note made November 2d, 1865, promising to pay "one hundred and twenty-five dollars," is a material alteration ; and when done by the principal therein, in the absence of the surety and without his consent, avoids such note as to the latter.

(*Mathis* v. *Mathis* 3 D. & B. 60 and *Dunn* v. *Clements* 7 Jon. 58 cited and approved.)

DEBT, tried before *Little, J.,* at Spring Term 1868 of the Superior Court of CLEVELAND.

The plaintiff declared upon a bond made by the defendant as surety to one Shuford.   The bond produced was for "one hundred and twenty-five dollars in specie."   It was shown that the words "in specie," had been added after the execution of the note, by agreement between the plaintiff and Shuford, in the absence of the defendant and against his consent.

His Honor having intimated an opinion that upon this state of facts the plaintiff could not recover, there was a non-suit and Appeal.

*Phillips & Merrimon,* for the appellant.
*Bynum, contra.*

RODMAN, J. It is familiar learning that if the payee of a bond alters it in any material part, without the consent of the obligor, the bond is avoided, and may be defeated on the plea of *non est factum. Mathis* v. *Mathis*, 3 D. & B. 60. *Dunn* v. *Clements*, 7 Jon. 58.

That principle was not contested in this case; but it was contended that the addition of the words " in specie," did not in any way change the legal effect of the bond, inasmuch as with or without those words, it would be equally solvable in legal tender notes, under the act of Congress. In the case of *Bronson* v. *Rhodes*, decided in the Supreme Court of the United States, since the argument of this case, and as yet only published in the newspapers, it is decided that a contract to pay in specie in express terms, is solvable only in specie, while a contract to pay as many dollars generally, may be discharged by a payment in legal tender notes. This decision renders any discussion on our part unnecessary, as the alteration was manifestly material.

PER CURIAM.                    Judgment affirmed.